IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN JOSHUA LAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0075-WS-M |
| | ) |
| SCOTT D. HIXON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant Scott Hixson's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. 6).[1]

In his First Amended Complaint (doc. 7-2), plaintiff, John Joshua Lay, brought a claim under general maritime law against defendants, Scott D. Hixson and Gulf Bay Marine Construction, LLC, seeking an award of salvage from the owner(s) of the following salvaged property: One (1) 8' x 40' Unmarked Barge with a Yellow Pittman Crane attached (the "Barge"). The Amended Complaint alleges that Hixson "was initially identified as the owner of the salvaged property made the subject of this action, based on a statement provided to the Alabama Marine Police in which said Defendant made claim to the Barge as Scott D. Hixon doing business as Gulf Bay Marine." (Amended Complaint, ¶ 3.) The Amended Complaint also references an August 28, 2008 telephone conversation between Lay and Hixson, "who was identified as the Owner of the Barge." (*Id.*, ¶ 12.) According to the Amended Complaint, at no

---

[1] The court file reflects ambiguity as to the proper spelling of defendant Hixson's last name. Plaintiff's pleadings spell it "Hixon," as set forth in the caption of this Order; however, Hixson's Motion to Dismiss (including his affidavit appended to same) spells it "Hixson." On the assumption that the defendant knows the proper spelling of his own name, the Court will use the "Hixson" spelling in the body of this Order, while retaining the "Hixon" spelling in the caption because that is the name of the defendant joined by plaintiff herein, and "[t]he plaintiff is the master of the complaint." *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) (citation omitted). If plaintiff wishes to sue "Scott D. Hixon," then this Court will not unilaterally alter the defendant's name because of an apparent error.

time prior to March 19, 2009 did Hixson ever identify the true owner of the Barge as being defendant Gulf Bay Marine.  (*Id.*, ¶ 18.)  Given the ambiguity as to the ownership of the Barge, Lay's prayer for relief includes a specific request "[t]hat the Court determine the Owner of the Barge at the times material to this litigation."  (*Id.* at 5.)

Hixson has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. 6), requesting that all claims against him be dismissed on the ground that he is not a proper defendant because he does not own the Barge.[2]  Hixson maintains that salvage awards are obtainable only against the owner of the salved property, such that lack of ownership would absolve him of liability here.[3]  In support of his contention that he does not own the Barge, Hixson relies exclusively on his own Affidavit, whose only substantive averments are as follows: "I do not personally own the barge made the basis of the Complaint.  Instead, the barge is owned by Gulf Bay Marine Construction, LLC."  (Hixson Aff., ¶ 2.)  Essentially, then, Hixson is asking this Court to reject the allegations of ownership as set forth in the pleadings and instead to accept as true Hixson's statement, presented in an affidavit outside the pleadings, that he did

---

[2] The Court recognizes of course, that Hixson's Motion to Dismiss was directed at Lay's Complaint (doc. 1), rather than the Amended Complaint, and that Lay filed his amended pleading as of right pursuant to Rule 15(a), Fed.R.Civ.P., in response to said Motion.  Nonetheless, it is the Amended Complaint and not the original Complaint that is germane for purposes of the pending Motion to Dismiss.  The law of this Circuit is clear that "[a]s a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."  *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (citation and internal quotation marks omitted).  Therefore, in deciding the Motion to Dismiss, the Court will consider only the Amended Complaint, which is the operative pleading in this action, and not the now-superseded initial Complaint.

[3] For purposes of deciding this Motion to Dismiss, the Court need not evaluate the validity of Hixson's legal premise regarding ownership and the law of salvage.  It suffices to note that federal appellate authorities do not appear to lend unanimous support to Hixson's position.  *See, e.g., San Francisco Bar Pilots v. Vessel Peacock*, 733 F.2d 680, 682 (9th Cir. 1984) ("It is a well-established rule of American salvage law that anyone who may be liable for the loss of or damage to property is liable for an award for its salvage. ... Therefore, liability for a salvage award properly extends against one who has a direct pecuniary interest in the property which is the subject of the award."); *The G.L. 40*, 66 F.2d 764, 766 (2nd Cir. 1933) (indicating that it is "well settled that a salvor's remedy *in personam* is not confined to the legal ownership of the property").

not own the Barge.  To the extent that this Court is unwilling to make such a leap under Rule 12(b)(6), Hixson asks that his Motion be construed as one for summary judgment under Rule 56.

On a Rule 12(b)(6) motion, "[t]he allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff[]."  *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").  Moreover, it is black-letter law that "[a] court's review on a motion to dismiss is limited to the four corners of the complaint."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation and internal quotation marks omitted).  Hixson's Motion hinges exclusively on a document that (a) is outside the pleadings and (b) contradicts material allegations of the Complaint.  In this posture, it would be improper to grant Hixson relief pursuant to Rule 12(b)(6).

The remaining question is whether the Court should consider the Hixson Affidavit and convert the Motion to Dismiss into a Motion for Summary Judgment.  The Federal Rules of Civil Procedure provide that whenever a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Rule 12(b)(6), Fed.R.Civ.P.; *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) ("Normally, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment.") (citation and internal quotation marks omitted); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint.").  But it is not mandatory that the Court consider matters outside of the pleadings at this time; rather, the decision of whether or not to do so is a matter of discretion.  *See Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court.").

After careful consideration of Hixson's Motion and the entire court file, the undersigned is of the opinion that it would be premature to consider the Hixson Affidavit and convert the Rule 12(b)(6) Motion into a Rule 56 Motion at this time.  The Amended Complaint reflects that

the ownership of the Barge is a central issue joined in this lawsuit, and includes allegations that at various times Hixson has held himself out as owner of the Barge. To adjudicate the fact-intensive issue of ownership on an incomplete record, based on Hixson's bare say-so, without affording Lay a full and fair opportunity to conduct discovery on that question would be unfair and inefficient. Accordingly, the Court **declines** Hixson's invitation to consider matters outside the pleadings at this time, inasmuch as this action is in its infancy, there has been no discovery, and the parties are ill-equipped at this early stage to present all the evidence that would be required for a proper Rule 56 determination of ownership.[4]

In light of the foregoing, Hixson's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (doc. 6) is **denied**. Hixson is **ordered** to serve and file his answer to the Amended Complaint on or before **April 9, 2009**.

DONE and ORDERED this 26th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4] *See*, *e.g.*, *Johnson v. Mobile County Sheriff Dep't*, 2007 WL 2023488, *2 n.3 (S.D. Ala. July 9, 2007) (finding it inappropriate to convert motion to dismiss into motion for summary judgment, where parties were poorly equipped at early stage of case to present all evidence needed for full-blown summary judgment review); *Jeter v. Montgomery County*, 480 F. Supp.2d 1293, 1296 (M.D. Ala. 2007) (exercising discretion not to consider exhibits to brief relating to Rule 12(b)(6) motion, but instead ruling on merits of motion based on pleadings alone); *Moss v. W & A Cleaners*, 111 F. Supp.2d 1181, 1185 (M.D. Ala. 2000) (declining to convert Rule 12(b)(6) motion to Rule 56 motion based on finding that it would be more appropriate to enter a scheduling order and allow the parties to conduct discovery); *Grillo v. John Alden Life Ins. Co.*, 939 F. Supp. 685, 686 (D. Minn. 1996) (disregarding affidavits submitted with motion to dismiss because "the court concludes that the parties are in no position to present all material pertinent to a motion for summary judgment"); *701 NPB Associates v. Federal Deposit Ins. Corp.*, 779 F. Supp. 1336, 1338 (S.D.Fla. 1991) (declining to consider affidavit based on determination "that it is inappropriate at this stage of the proceedings to convert Defendant's motion to dismiss into a motion for summary judgment"); *Griswold v. Alabama Dept. of Indus. Relations*, 903 F. Supp. 1492, 1494 (M.D. Ala. 1995) (declining to convert motion to dismiss into motion for summary judgment).