# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN JOSHUA LAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0075-WS-M |
| | ) |
| SCOTT D. HIXON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff's Motion for Entry of Default with Leave to Prove Damages (doc. 59), defendants' Response to Show Cause Order (doc. 62), plaintiff's Motion for Default Judgment (doc. 63), plaintiff's Motion for Leave to Amend Pending Motion (doc. 64), and plaintiff's Motion for Leave to Submit Exhibit (doc. 67). The central issue presented by these filings (namely, whether default should be entered against defendants) has been briefed and is ripe for disposition.

**I.  Relevant Procedural History.**

Plaintiff, John Joshua Lay, brought this action against defendants, Scott D. Hixon and Gulf Bay Marine Construction, LLC, back in February 2009, seeking a salvage award under general maritime law. The gravamen of Lay's claims is that in August 2008 he discovered a barge belonging to defendants floating adrift at Long Bayou, that he secured the barge, moved it to his home, and commenced efforts to identify the owners to make a claim for salvage. By contrast, defendants maintain that Lay stole their barge, and pressed criminal charges against him. In May 2009, the undersigned entered an Order (doc. 19) staying this action pending resolution of the Baldwin County Circuit Court criminal proceedings against Lay. To ensure that the stay remained in place for no longer than necessary, the Court ordered defendants to file written reports every 60 days documenting the status of the criminal proceedings, and to notify the Court promptly upon conclusion of that related action.

For the next 18 months, this action remained stayed, with defendants (by and through counsel of record) dutifully filing the requisite status reports in 60-day increments. Unfortunately, the criminal action in state court has been beset by numerous delays and cancellations. As of today, the proceedings against Lay have neither gone to trial nor otherwise been resolved. (*See* docs. 68, 69.) In December 2010, however, this civil action was abruptly jolted from dormancy when defense counsel filed a Motion to Withdraw (doc. 48) for the stated reasons that their clients had not paid them in some time and that counsel did not know defendants' whereabouts. On January 5, 2011, Magistrate Judge Milling directed defendants' counsel to notify defendants that defendant Hixon must either retain new counsel or notify the Court of his intent to proceed *pro se* on or before February 1, 2011, and that defendant Gulf Bay must retain substitute counsel on or before February 1, 2011. (*See* doc. 49.) Defendants' counsel attempted to comply, and was allowed to withdraw on that basis on January 19, 2011. (*See* doc. 51, 52.) On February 1, 2011, however, defendants' ex-counsel notified the Court that all notices sent to their former clients had been returned as undeliverable, such that defendants did not receive notice of Magistrate Judge Milling's directives or deadlines. (*See* doc. 55.)

Three months later, on May 3, 2011, Lay filed a Motion for Entry of Default (doc. 59) reasoning that default should be entered against both Hixon and Gulf Bay for failure to comply with the requirements imposed by Judge Milling. Upon review of Lay's Motion, the undersigned entered a Show Cause Order (doc. 61) on May 5, 2011, providing in pertinent part as follows: "[D]efendants are **ordered**, on or before **May 19, 2011**, to **show cause** why default should not be entered against both of them for failure to defend and failure to abide by court orders." (Doc. 61, at 1.) On May 16, 2011, defendants' counsel filed a Response (doc. 62) explaining that Hixon had moved out of state and had been unaware of previous filings in the case, that Hixon's parents had forwarded a copy of the Show Cause Order to him, that upon receipt of that Show Cause Order he had reached agreement with former counsel to reappear and resume their representation of both defendants herein, and that counsel are prepared to proceed with that representation at this time.

In the wake of defendants' counsel's reappearance and Response to the Show Cause Order, Lay has not relented in seeking entry of default against Hixon and Gulf Bay. According to Lay, default remains appropriate because defendants' lack of notice of prior court orders was solely a product of their own failure to leave valid mailing addresses or to monitor the litigation,

defendants had demonstrated "ongoing and inexcusable disregard for court personnel and deadlines," and defendants had displayed a "lackadaisical attitude" towards this litigation. (Doc. 64, ¶ 2.)[1] Plaintiff also urges the Court to impute a sinister motivation to defendant Gulf Bay by virtue of its failure to update records on file with the Alabama Secretary of State for the address of its registered agent, Hixon. (*See* doc. 67.)

## II. Analysis.

As an initial matter, the Court emphasizes that Hixon and Gulf Bay's behavior of essentially disappearing for five months is neither laudatory nor acceptable for a federal litigant. Likewise, defendants' failure to comport with Judge Milling's directives concerning counsel is the kind of transgression that may warrant imposition of sanctions. Indeed, the law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Unquestionably, "[a] court may impose sanctions for litigation misconduct under its inherent power." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009).[2]

Nonetheless, four distinct considerations militate in favor of leniency here. First, as a general proposition, courts strongly favor ruling on cases on their merits and view defaults as an extreme, disfavored remedy. *See, e.g., In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295

---

[1] Curiously, plaintiff also argues in favor of an "inference" that "Defendants herein have also unnecessarily delayed resolution of the related criminal proceedings in Baldwin County." (Doc. 64, ¶ 2; doc. 65, at 3.) Lay provides neither factual support nor explanation for this accusation. In the interest of clarity, the Court notes that there is absolutely nothing before it to support the proposition that Hixon or Gulf Bay have impeded or obstructed the timely resolution of the Baldwin County Circuit Court criminal proceedings against Lay. There is simply no evidence linking the many resettings in state court to dilatoriness on the part of Hixon or Gulf Bay. The Court will not engage in wild speculation under the guise of drawing an "inference."

[2] "The key to unlocking a court's inherent power is a finding of bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (citation omitted); *see also In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) ("A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.") (citation omitted); *Atlantic Recording Corp. v. Ellison*, 506 F. Supp.2d 1022, 1025-26 (S.D. Ala. 2007) ("While modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party.") (citation omitted).

(11th Cir. 2003) ("there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor"); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (opining that default judgment "is too harsh except in extreme circumstances" and that "we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court") (citations omitted). Second, there is no evidence (and no reason to believe) that Hixon and Gulf Bay intentionally thumbed their noses at a court order of which they had actual knowledge. By all appearances, they were simply unaware of Judge Milling's directives.³ Third, no delay has occurred and no prejudice has accrued to any party by virtue of defendants' temporary disappearance. This case was stayed at the time, and would remain stayed today (pending the outcome of the parallel state-court action) even if defendants had diligently complied with Judge Milling's ruling back in January.⁴ Fourth, and most importantly, defendants are now represented by counsel, and are at this moment fully compliant with their obligations to this Court. As such, there is no reason to believe that defendants will further impede this litigation or disregard court orders as this matter proceeds.

### III. Conclusion.

In light of the foregoing considerations, this Court finds in its discretion that imposition of the draconian sanction of entry of default against defendants would be inappropriate in this case.⁵ Defendants did not knowingly defy the orders of this District Court. Plaintiff has not

---

³ That is not to say, of course, that defendants are without culpability. They are not. Unquestionably, litigants without counsel are tasked with keeping the Clerk of Court informed of their contact information and may incur sanctions if they vanish while their case is pending. *See, e.g.,* Local Rule 83.9(c) ("Any person proceeding in this Court *pro se* shall … keep the court informed of his or her current address and telephone number, and shall promptly inform the court of any change in such address."). Defendants' failure to keep either their counsel or this Court apprised of their whereabouts is not a trivial omission. But it is a lesser transgression than one in which a litigant receives notice of a court order, and cavalierly ignores it in open defiance of the court's authority.

⁴ Again, the Court does not imply that this circumstance would justify a pattern of disregard for court orders by defendants or any other litigant. The point is merely that defendants' omission here is less culpable than it might otherwise have been because it did not materially slow the progress of this litigation, which would have remained stayed in any event.

⁵ This conclusion is not affected by Gulf Bay's apparent failure to maintain current and complete contact information for its registered agent with the Alabama Secretary of State. If Gulf Bay is shirking its obligations under state law in this respect, the proper remedial action lies
(Continued)

been prejudiced, and this stayed case has not unnecessarily been delayed because the stay would have remained in effect either way.  Defendants are now represented by counsel and are prepared to proceed.  Entry of the disfavored sanction of default is not warranted at this time.

Accordingly, it is hereby **ordered** as follows:

1. Plaintiff's Motion for Entry of Default (doc. 59) and Motion for Default Judgment (doc. 63) are **denied**;
2. Plaintiff's Motion for Leave to Amend Pending Motion (doc. 64) is **granted**, and the matters set forth therein have been duly considered;
3. Plaintiff's Motion for Leave to Submit Exhibit (doc. 67) is **granted**, and the document appended thereto as Exhibit A has been duly considered;
4. Defendants' counsel are **directed** to apprise their clients of the importance of keeping counsel informed of their current mailing address, of the necessity that they contact the Clerk's Office with such information if for any reason the attorney-client relationship concludes before this case does, and of the exceedingly slim probability that subsequent violations will be treated with similar leniency by this Court;
5. Defendants are **ordered** to continue filing status reports concerning the state court litigation every **60 days** pursuant to the Order (doc. 19), with the next such report to be due on or before **August 1, 2011**; and
6. The Status Reports (docs. 68, 69) filed by the parties on May 31, 2011 are **noted**.

DONE and ORDERED this 8th day of June, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

elsewhere under Alabama law.  The Court will not take it upon itself to wield its inherent powers as an enforcement tool for Alabama corporate registration and notice requirements imposed by the state.